UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WELLS FARGO BANK, N.A. and
SECRETARY OF HOUSING AND URBAN
DEVELOPMENT,

                        Plaintiffs,                  MEMORANDUM AND ORDER

   -against-                                      CV 15-5647 (LDW)

ANNABELLE SCOTT,

                        Defendant.
------------------------------------------------------------X
WEXLER, District Judge

      Plaintiffs Wells Fargo Bank, N.A. ("Wells Fargo") and the Secretary of the United States Department of Housing and Urban Development ("HUD") bring this action for a declaratory judgment against *pro se* defendant Annabelle Scott ("Scott"). In response to the complaint, Scott asserted counterclaims for (1) breach of the covenant of good faith and fair dealing, (2) fraud, and (3) violation of New York General Business Law ("GBL") § 349. Plaintiffs move to dismiss Scott's counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Scott has not submitted opposition to the motion.

## I. BACKGROUND

      For purposes of this decision, the background can be summarized as follows. On March 5, 1971, Scott purchased property located at 41 South 31st Street, Wyandanch, New York (the "Property"). After financing the purchase of the Property with a

mortgage, Scott refinanced on twice, the most recent on January 24, 2007, at which time Scott gave first and second mortgages to Wells Fargo and HUD, respectively, against the Property (the "Mortgages"). *See* Declaration of Richard J. Galati Jr. in Support of Plaintiffs' Motion to Dismiss Counterclaims Exs. A, B. On October 11, 2011, Suffolk County obtained a tax deed to the Property upon Scott's failure to pay taxes. *See id.* Ex. C. On June 4, 2014, Suffolk County conveyed the Property to Scott by quit claim deed after Wells Fargo paid Suffolk County to redeem the Property. *See id.* Ex. D.

On September 30, 2015, plaintiffs commenced this action for a judgment declaring the Mortgages to be valid and enforceable liens against the Property, claiming that Scott has refused to execute documents acknowledging that any title to the Property she acquired by virtue of the redemption funded by Wells Fargo is subject to the Mortgages. *See id.* Ex. E. Scott filed an answer on March 4, 2012, in which she asserted counterclaims for (1) breach of the covenant of good faith and fair dealing, (2) fraud, and (3) violation of GBL § 349. *See id.* Ex. F. Plaintiffs move to dismiss the counterclaims.

## II. DISCUSSION

### A. Motion to Dismiss Standard

To survive a motion to dismiss under FRCP 12(b)(6), a counterclaim "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 570 (2007)). While heightened factual pleading is not required, a counterclaim must contain more than mere " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.' " *Id.* (quoting *Twombly,* 550 U.S. at 555). A pleading tendering " 'naked assertion[s]' devoid of 'further factual enhancement' " is not sufficient. *Id.* (quoting *Twombly,* 550 U.S. at 557). While a court assumes the truth of all allegations in a pleading, the same is not true for mere legal conclusions couched as factual allegations. *See Iqbal,* 556 U.S. at 678. In addition, on a motion under FRCP 12(b)(6), the court "may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in court records of prior litigation and that relate to the case *sub judice*." *Ferrari v. Cnty. of Suffolk*, 790 F. Supp. 2d 34, 38 n. 4 (E.D.N.Y. 2011).

B. Analysis of Claims

    1. Breach of the Covenant of Good Faith and Fair Dealing

Under New York law, a covenant of good faith and fair dealing is implied in every contract and "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Moran v. Erk*, 11 N.Y.3d 452, 456 (2008) (internal quotation marks omitted). This covenant "is breached 'when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement.' " *PCVST Mezzco 4, LLC v.*

*Wachovia Bank Comm. Mortg. Trust 2007-C30*, No. 14-cv-6023 (AJN), 2015 WL 153048, at *5 (S.D.N.Y. Jan. 12, 2015) (quoting *Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Commerce,* 265 A.D.2d 513, 514 (N.Y. App. Div. 2d Dep't 1999)).

Scott's counterclaim alleges only that "plaintiff breached the covenant of good faith and fair dealing by failing to provide [her] with an opportunity to pay her taxes before bringing this suit." Answer ¶ 41. This counterclaim is insufficient for several reasons, including that Scott fails to state facts identifying (1) the "contract" between the parties that is the subject of this claim; (2) how any conduct of either plaintiff deprived her of the right to receive any benefits under any contract; (3) how plaintiffs failed to provide her an opportunity to pay taxes; and (4) how she was damaged by such breach. Thus, Scott's allegations are not sufficient to state a plausible claim that either plaintiff breached a covenant of good faith and fair dealing. Accordingly, this counterclaim is dismissed.

2. Fraud

Under New York law, to state a claim for fraud, a plaintiff must plead "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of plaintiff; and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006). Moreover, when alleging fraud, the claimant must "state with particularity the circumstances constituting fraud." FRCP 9(b). In other words, the claimant must " '(1)

specify the statements that the [claimant] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.' " *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 197-98 (2d Cir. 2013) (quoting *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir. 1993)); *see also Protter v. Nathan's Famous Sys., Inc.,* 904 F. Supp. 101, 106 (E.D.N.Y. 1995) (recognizing that FRCP 9(b) requires pleading to specify time, place, speaker, and content of alleged misrepresentations). FRCP 9(b) also requires a claimant to plead facts sufficient to give rise to a strong inference of fraudulent intent. *O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 676 (2d Cir. 1991).

Scott's counterclaim for fraud alleges only that plaintiffs "refused my payments and failed to advise me of payment plan options." Answer ¶ 43. Scott's bare, conclusory allegations are not sufficient to state a plausible claim for fraud, as she fails to plead facts sufficient to support the elements for fraud or to meet the heightened pleading requirements of FRCP 9(b) and show a strong inference of fraudulent intent. Accordingly, this counterclaim is dismissed.

3. GBL § 349

To state a claim for violation of GBL § 349, a plaintiff must plead that "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam). The plaintiff "need not show that the

defendant committed the complained-of acts repeatedly–either to the same plaintiff or to other consumers–but instead must demonstrate that the acts or practices have a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y. 20, 25 (1995); *see also Hayrioglu v. Granite Capital Funding, LLC,* 794 F. Supp. 2d 405, 410 (E.D.N.Y. 2011) ("[T]o prevail on a Section 349 claim, a plaintiff must demonstrate that the acts or practices have a broader impact on consumers at large." (internal quotation marks omitted)). Thus, "[p]rivate contract disputes, unique to the parties, for example, would not fall within the ambit of the statute." *Oswego Laborers',* 85 N.Y. at 25.

Scott's counterclaim for violation of GBL § 349 alleges only that "plaintiff refused my payments," and concludes that "this was unfair and deceptive." Answer ¶ 45. Scott fails to plead a plausible claim for violation of GBL § 349, as she fails to allege facts showing that plaintiffs engaged in deceptive acts or practices that were misleading in some material way and that any such deceptive acts or practices had a broader impact on consumers at large. Accordingly, this counterclaim is dismissed.

### III.  CONCLUSION

For the above reasons, plaintiffs' motion to dismiss defendant Scott's counterclaims is granted. The counterclaims are dismissed without prejudice to Scott's right to replead her counterclaims within 60 days from the date of this Memorandum and

Order ("M&O").  The Court's *pro se* clerk is directed to mail a copy of this M&O to Scott at her address of record.

    SO ORDERED.

                                                            _____/s/_____
                                                            LEONARD D. WEXLER
                                                            UNITED STATES DISTRICT JUDGE

Dated:  Central Islip, New York
         March 24, 2017